D. Loren Washburn (#10993)
 lwashburn@smithcorrell.com
**SMITH CORRELL, LLP**
8 East Broadway, Suite 320
Salt Lake City, UT 84111
Telephone: (801) 584-1800
Facsimile: (801) 584-1820

*Attorneys for Defendant Jay Zachary Barber*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, v. JAY ZACHARY BARBER, Defendant. | **EXPEDITED MOTION FOR INTERNATIONAL TRAVEL** Case No. 2:17-cr-00518 DN |
|---|---|

By this Motion, Defendant Jay Zachary Barber requests the court grant him permission to travel internationally with his family to celebrate his and his wife's wedding anniversary with their children.

## INTRODUCTION

On October 10, 2017, Defendant Zachary Barber appeared before the Court on an initial appearance. At the hearing, the United States did not oppose release but did request certain conditions of release. The government did not introduce any evidence that Mr. Barber poses a flight risk. The Court did hear argument regarding whether Mr. Barber posed a danger to the community based on his involvement in what the government believed was unsafe practices with regard to his participation in the long-haul trucking industry.

After argument, the Court imposed conditions, as reflected in the docket entry for that hearing, that Mr. Barber surrender his passport (he has) and "not travel out of the country." D.E. 6. Counsel sent an email to the assigned Assistant United States Attorney, Mr. Kennedy, asking his position on the proposed travel. Mr. Kennedy said he could not consent. Mr. Kennedy provided reasons in his email but they related to the potential that Mr. Barber's funds should go to any hypothetical restitution judgement rather than to international travel. Mr. Kennedy did not provide any basis for objecting based on a reasoned risk of flight by Mr. Barber.

## ARGUMENT

As the Court is aware, under the Bail Reform Act of 1984, the Court is required to order that a person charged with a crime be released on personal recognizance unless that release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Here, the Court found that conditions were required. Under such circumstances, the Court must impose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required. . . " 18 U.S.C. § 3142(c)(1)(B).

Here, the government has presented no evidence, and indeed to the recollection of the undersigned not even made an argument, that Mr. Barber is a danger of nonappearance at trial. He has known about this investigation, engaged in pre-indictment negotiations with the government, and is actively engaged in preparing for his upcoming trial. Mr. Barber has had the opportunity to flee for years prior to these charges if he were so inclined. There is no evidence that he was ever inclined to do so.

Rather, his current travels are for a personal celebration of his upcoming 15th wedding anniversary that will take place when his trial is currently scheduled. If allowed, he will travel to Galveston, Texas, and depart on a cruise, returning a week later. The cruise will make stops in Honduras and Mexico. Mr. Barber will be accompanied by his family on this trip.

By all indications Mr. Barber has had an uneventful and model relationship with his pretrial release officer.

Given that the government presented no evidence at his initial appearance that Mr. Barber poses a risk of flight, he asks this court to grant him permission to travel and temporary release of his passport according to the itinerary, which is attached as Exhibit 1.

## CONCLUSION

For the reasons indicated above, Mr. Barber requests the Court to enter an order modifying his current conditions of release to allow him to travel according to the attached itinerary.

DATED: January 22, 2018      **SMITH CORRELL, LLP**

     /s/D. Loren Washburn
     D. Loren Washburn

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018, the foregoing **EXPEDITED MOTION FOR INTERNATIONAL TRAVEL** was served upon the person(s) named below, at the address set out below by CM/ECF:

Michael Kennedy
Tyler L. Murray
UNITED STATES ATTORNEY'S OFFICE
111 South Main Street Suite 1800
Salt Lake City, UT 84111

/s/ Melina Hernandez